UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS SANTOS CAMPOS,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26-cv-29-RSH-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 4, 2026, petitioner Tomas Santos Campos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Mexico, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 8. As set forth below, the Court grants the Petition.

I.     **BACKGROUND**

On December 19, 2024, Petitioner applied for admission to the United States from Mexico at the San Ysidro Port of Entry. *Id.* ¶ 18. He was taken into immigration custody. *Id.* Thereafter, he was interviewed by an asylum officer, who determined that Petitioner had a credible fear or persecution if returned to Mexico. ECF No. 5 at 2. Petitioner was issued a notice to appear and placed in removal proceedings. *Id*.

On May 7, 2025, Petitioner filed an application for asylum and other relief. *Id.* On October 25, 2025, DHS filed a motion to pretermit Petitioner's asylum application, which motion remains pending. *Id.* Petitioner has an individual merits hearing scheduled before an immigration judge for January 29, 2026. *Id.* at 2-3.

Petitioner alleges that his continued detention for over 13 months without a bond hearing violates his right to due process. ECF No. 1 ¶¶ 27-30. Respondents have filed a return. ECF No. 5.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which provides that noncitizens found to have a credible fear of persecution are subject to mandatory detention pending consideration of an asylum application. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum."). The issue presented here is whether, in the circumstances of this case and at this point in time, applying this mandatory detention regime violates Petitioner's due process rights.

### A. Jurisdiction

Respondents first challenge this Court's jurisdiction to hear the Petition, relying on 8 U.S.C. § 1252(g). That provision states that, except as otherwise provided in Section 1252, and notwithstanding any other provision of law including 8 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases,

or execute removal orders against any alien under this chapter." Respondents argue that because Petitioner challenges his detention during removal proceedings, that detention "arises from" the Attorney General's decision to commence such proceedings. ECF No. 5 at 4.

The Supreme Court has interpreted the jurisdiction-stripping provision in Section 1252(g) provisions narrowly, limiting it to "three discrete actions": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.* In a later decision, the Court explained that it did not interpret Section 1252(g) "to sweep in any claim that can technically be said to "arise from" the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Here, Petitioner is seeking to review the legality of his detention, arguing that the length of time he has been detained here violates due process—rather than challenging the decision to commence proceedings, the adjudication of his removal case, or an action to execute his removal order. He does not seek to litigate in this Court questions of whether he is removable or whether he is entitled to relief from removal. The relief he seeks here is release from custody or a bond hearing at which his release may be considered by an immigration judge. The Court concludes that Petitioner's claim is not barred by Section 1252(g).

**B.   Whether Petitioner Has a Due Process Claim**

Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Petitioner has no due process rights beyond those that Congress has provided, and that his due process claim therefore fails. ECF No. 5 at 6-8.

//

In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." 591 U.S. at 107. The petitioner in that case had "attempted to enter the country illegally and was apprehended just 25 yards from the border." *Id.* The Supreme Court determined that the "political department of the government" had plenary authority to admit or exclude aliens seeking initial entry, and thus "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute." *Id.* at 139–40.

Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b)(1). *See Petgrave v. Aleman*, 529 F. Supp. 3d 665, 679 (S.D. Tex. 2021) ("As far as Petitioner is concerned, whatever procedure Congress has authorized is sufficient due process."); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 536 (W.D.N.Y. 2021) ("Petitioner is on the threshold of initial entry into the United States and . . . he accordingly is not entitled to procedural protections beyond those provided by statute.").

Most courts have ruled otherwise. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) … 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'") (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). This Court agrees with the majority

position that a person detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing. This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever."); *Hernandez v. Wofford*, No. 25-cv-986-KES-CDB (HC), 2025 WL 2420390, at *3 (E.D. Cal. Aug. 21, 2025) ("Although the Supreme Court has described Congress's power over the 'policies and rules for exclusion of aliens' as 'plenary,' and held that this court must generally 'defer to Executive and Legislative Branch decisionmaking in that area,' it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority'—through detention or otherwise.") (citations omitted); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").

### C. Whether Petitioner's Detention is Prolonged in Violation of Due Process

In arguing that his detention has become prolonged, Petitioner cites a case from this district that analyzes the issue in terms of a six-factor balancing test used by some district courts. *See* ECF No. 1 at 8; *Kydyrali*, 499 F. Supp. 3d at 773–74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Banda*, 385 F. Supp. 3d at 1106; *Kydyrali*, 499 F. Supp. 3d at 773–74.

//

      Here, Petitioner has been detained for over 13 months. Respondents argue that "[i]n general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." ECF No. 5 at 8 (quoting *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023)). This proposition, applied to Petitioner's length of detention, favors a bond hearing. The fact that courts have granted habeas relief in some other cases involving *longer* periods of detention does not indicate that Petitioner is ineligible for such relief; still other courts have granted habeas relief in cases involving *shorter* periods of detention.[1]

      Neither Party meaningfully analyzes the remaining factors. Nonetheless, the Court determines that the conditions of confinement favor Petitioner; courts in this district have found that conditions at the Otay Mesa Detention Center are "indistinguishable from penal confinement," and that this factor weighs in favor of petitioners' due process arguments of prolonged detention. *Kydyrali*, 499 F. Supp. 3d at 773; *see Hoyos Amado*, 2025 WL 3079052, at *6. The likely duration of future detention also favors Petitioner. His first scheduled merits hearing has yet to occur; even if the hearing goes forward as scheduled, and the immigration judge adjudicates Petitioner's case on the merits and finds him removable without granting any relief, Petitioner is entitled to appeal that order. As to the cause of the delays in this case to date, the Court does not ascribe fault to either party, and

---

[1]    *See, e.g.*, *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tanoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period … qualifies as prolonged."); *Gao v. LaRose*, No. 25-cv-2084-RSH-SBC, 2025 WL 2770633, at *5 (S.D. Cal. Sept. 26, 2025) ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention … approximately one year. District courts have found shorter lengths of detention … without a bond hearing to be unreasonable.") (collecting cases).

1  determines that this factor is neutral. The Parties do not address the likelihood that the
2  removal proceedings will result in a final order of removal, and the Court treats this factor
3  as neutral. On balance, the Court determines that the applicable factors indicate that
4  Petitioner's detention without a bond hearing has become unreasonable and violates due
5  process.

6  Petitioner is entitled to a prompt and individualized bond hearing, at which
7  Respondents must justify his continued detention by a showing of clear and convincing
8  evidence that Petitioner would likely flee or pose a danger to the community if released.
9  *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by*
10 *Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest
11 at stake" warranted placing the burden on the government to "prove by clear and
12 convincing evidence that an alien is a flight risk or a danger to the community to justify
13 denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating
14 that "the BIA properly noted that the government bore the burden to establish by clear and
15 convincing evidence that Martinez is a danger to the community" with respect to a bond
16 hearing for a noncitizen detained under § 1226(c)).

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to arrange an individualized bond hearing for petitioner Tomas Santos Campos before an immigration court within *fourteen (14) days of this order* as described above. The Court declines to order Petitioner's immediate release or to enjoin future detention of Petitioner, as Petitioner has not shown that he is entitled to this relief. To the extent Petitioner seeks to recover fees or costs, he must do so in the manner prescribed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the undersigned's chambers rules. Any request for fees must be made by duly noticed motion. The Court **VACATES** the hearing date set for January 29, 2026.

**IT IS SO ORDERED**.

Dated: January 20, 2026

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge